UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TREMAINE TAYLOR** | **CIVIL ACTION NO. 3:12-cv-3057** |
| LA. DOC #421789 | |
| VS. | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

MEMORANDUM ORDER

*Pro se* petitioner Tremaine Taylor, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on December 7, 2012. Petitioner attacks his 2005 convictions for attempted second degree murder, armed robbery, and car-jacking and the sentences totaling 90 years imposed by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

On October 27, 2005, petitioner was found guilty as charged of armed robbery, attempted murder, and two counts of carjacking. [Doc. 1-1, p. 7] His motion for post verdict judgment of acquittal was denied and on January 27, 2006, sentences totaling 90 years without parole were imposed. [Doc. 1-1, pp. 7-8]

Petitioner appealed his conviction to the Second Circuit Court of Appeals.  On October 24, 2007, the Second Circuit affirmed his convictions and sentences. *State of Louisiana v. Tremaine Taylor*, 42,627 (La. App. 2 Cir. 10/24/2007), 968 So.2d 1135. [See also Doc. 1-2,

Exhibit A]  On January 22, 2008, petitioner filed an out-of-time application for writs in the Louisiana Supreme Court. [Doc. 6-1, pp. 4-14]  On November 10, 2008, writs were denied. *State of Louisiana ex rel. Tremaine Taylor v. State of Louisiana*, 2008-0424 (La. 11/10/2008), 996 So.2d 1063. [Doc. 1-2, Exhibit B]

Petitioner signed his *pro se* application for post-conviction relief on August 27, 2008; it was received and filed on September 2, 2008. [Doc. 1-2 and 1-3, Exhibit C] On or about November 25, 2008, the State filed its response to the application and on December 10, 2008, petitioner filed a Traverse to the State's Response. [Doc. 1-3, Exhibit C, pp. 20-30] On January 11, 2012, the trial court "... reviewed the PCR motion, the State's Answer as well as Defendant's Traversal." The Court then adopted the State's November 25 response as its written reasons for judgment denying post-conviction relief. [Doc. 1-3, Exhibit D; Doc. 6-1, p. 17]  Petitioner filed a writ application in the Second Circuit Court of Appeals on February 13, 2012, and on April 5, 2012, the Second Circuit denied writs. *State of Louisiana v. Tremaine Taylor*, 47,335-KH. [Doc. 1-3, Exhibit E] On some unspecified date petitioner filed a writ application in the Louisiana Supreme Court and on October 8, 2012, his writ application was denied without comment. *State of Louisiana ex rel. Tremaine Taylor v. State of Louisiana*, 2012-1048 (La. 10/8/2012), 98 So.3d 850.  Petitioner filed the instant petition on December 7, 2012. In order to determine an appropriate resolution to this matter:

**THE CLERK IS DIRECTED** to prepare summons and serve a copy of

1. The petition for writ of *habeas corpus* and its accompanying memorandum  [Docs. 1

and 1-2[1] ] by **CERTIFIED MAIL** on:

    (1) The Attorney General for the State of Louisiana, and,

    (2) Warden Burl Cain, and,

by **REGULAR FIRST CLASS MAIL** on:

    (3) The District Attorney for the Fourth Judicial District, Ouachita Parish, Louisiana,

where petitioner was convicted and sentenced;

    **IT IS ORDERED** that respondent, through the District Attorney, file within **forty (40) days** after the date of service of summons:

    1.    An answer to the petition.

    (a)    **The answer shall state whether petitioner has exhausted state remedies**, **including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Supreme Court of Louisiana all issues raised in this petition**. **If respondent claims that petitioner has failed to exhaust his state remedies, respondent shall state whether petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not, respondent shall present applicable case law as to whether this court should reach the merits of the claims. If respondent contends that petitioner has procedurally defaulted on any ground presented in this petition, respondent should raise the defense of procedural default.**

    **Respondent shall also address whether the claims presented herein are cognizable on federal *habeas* review, and if they are not cognizable, respondent shall present applicable case law as to why the claims are not properly before this court.**

    **Respondent should also state whether petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings which resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established**

---

[1] **THE CLERK NEED NOT SERVE THE EXHIBITS [Docs. 1-2 and 1-3 and Doc. 6] SINCE THOSE DOCUMENTS ARE AVAILABLE TO RESPONDENT VIA CM/ECF.**

>   **Federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. See, 28 U.S.C. § 2254(d) as amended by § 104(d) of the AEDPA.**
>
>   **Respondent should also state whether petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed to be correct in this proceeding. See, 28 U.S.C. § 2254(e)(1), as amended by §104(e) of the AEDPA.**

(b)  In the event the State contends that it has been prejudiced in its ability to respond by petitioner's delay in filing or that the petition is a second or successive petition under 28 U.S.C. § 2254, the State shall set forth such contentions with particularity.

(c)  **Respondent is further ordered to specifically address whether the filing deadlines contained in 28 U.S.C. § 2244(d)(1), (as amended by Section 101 of AEDPA), are applicable to this proceeding and bar review of petitioner's claims.**

2.  A memorandum brief of law in support of all issues raised in the answer, citing relevant Fifth Circuit authority and <u>referring to the pertinent page numbers</u> in the state court record in support of the answer.  **A COPY OF THE BRIEF FILED IN STATE COURT <u>WILL</u> <u>NOT</u> BE DEEMED SUFFICIENT IN THIS PROCEEDING.**

3.  A certified copy of the state court record, including transcripts of all proceedings held in the state courts;

4.  A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state, district courts, appellate courts or the Louisiana Supreme Court; and

5.  Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the conviction under attack.

**The pages of the records shall be arranged in chronological sequence, securely**

**bound together and numbered consecutively (handwritten numbers are acceptable). An index describing each item of the records sent and showing each item's page number shall also be attached.**

In the event the District Attorney is unable to produce any of the above documents, he shall advise this court in writing why he is unable to produce them.

**IT FURTHER IS ORDERED** that petitioner is allowed twenty (20) days following the filing of each respondent's memorandum in which to file any response he wishes to present to this court.

After the record is complete and all legal delays have run, the court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

**IT FURTHER IS ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by petitioner or respondent shall include a certificate indicating that a copy thereof has been furnished to the other parties.

In Chambers, Monroe, Louisiana, May 3, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE